IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDMUND MAYE,

    Petitioner,

v.                               CASE NO.: 4:08-CV-577-SPM/GRJ

KENNETH S. TUCKER,

    Respondent.

_____/

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

    This cause comes before the Court on Petitioner's Motion for Issuance of Certificate of Appealability Pursuant to 28 U.S.C.A. § 2253(c) (doc. 58). For the following reasons, a certificate of appealability will be denied.

    A defendant seeking a certificate of appealability must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is met if the defendant can show that reasonable jurists could differ as to the resolution of the case either on the merits or as to any plain procedural bar. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

    The Magistrate Judge's Report and Recommendation (doc. 51), adopted by this Court (doc. 55), addresses Petitioner's claims and properly concludes the

following:

1. Petitioner's adequacy of the plea agreement and colloquoy claim was not properly exhausted. It is also procedurally defaulted and Petitioner made no claim that he can show cause and prejudice for the default, and there is nothing in the record to suggest that a fundamental miscarriage of justice would result if the Court does not consider the claim.

2. Petitioner's ineffective assistance of counsel claim for failure to investigate DNA evidence fails. Upon belatedly receiving discovery indicating that Petitioner's DNA was a match for DNA found on clothing left in one of the victim's homes, counsel requested the evidence be excluded, a continuance, or that a mistrial be granted. Furthermore, even if the DNA evidence were excluded, in light of other evidence presented at trial, there was not a reasonable probability that the jury would have found Petitioner not guilty.

3. Petitioner's ineffective assistance of counsel claim for failure to move to suppress a burglary victim's out-of-court identification of Petitioner also fails. The motion to suppress would have been denied and counsel cannot be deemed ineffective for failing to raise a non-meritorious argument. Even if the evidence had been suppressed, considering all of the other evidence, there is not a reasonable probability that the outcome of the trial would have

      been different.

4.     Petitioner's claim that the trial court failed to adequately investigate his claims requesting dismissal of his public defender is without merit.  This claim challenges the application of state law; it does not raise a federal constitutional claim and is therefore not cognizable in federal habeas review.  This claim is also procedurally defaulted because it was not raised on appeal.  Petitioner makes no claim that he can show cause and prejudice for the default, and there is nothing in the record to suggest that a fundamental miscarriage of justice would result if the Court does not consider the claim.

5.     Petitioner's ineffective assistance of counsel claim for failure to move to suppress items founds in the woods also fails.  Counsel cannot be deemed ineffective for filing a motion to suppress where there were no grounds for the motion. Even if the evidence had been suppressed, considering all of the other evidence, there is not a reasonable probability that the outcome of the trial would have been different.

The issues Petitioner raises have been thoroughly reviewed and do not deserve encouragement to appeal.  Accordingly, it is

    ORDERED AND ADJUDGED that the Motion for Issuance of Certificate of

Appealability Pursuant to 28 U.S.C.A. § 2253(c) (doc. 58) is **denied**.

**DONE AND ORDERED** this 14th day of February, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge